IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN HOUSTON HERN,

    Petitioner,               No. 2:06-2790-JAM-JFM (HC)

    vs.

JOHN C. MARSHALL,

    Respondent.             FINDINGS AND RECOMMENDATIONS

                                /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in May 1985 of first degree murder and robbery with an enhancement for use of a firearm. He also admitted a prior serious felony conviction. Petitioner claims that he received ineffective assistance of trial and appellate counsel in connection with the sentencing proceedings that followed his trial. Petitioner also claims that the sentenced he received "caused him not to attend" several parole hearings which violated his right to due process by denying him opportunities to be found suitable for parole. Petition, filed November 7, 2006, at 6f.

BACKGROUND

        In May 1985 petitioner was convicted in Tehama County Superior Court of first degree murder and robbery, with enhancements for use of a firearm, and he admitted a prior

1

1  serious felony conviction.  On July 15, 1985, the trial court sentenced petitioner to twenty-five
2  years to life in prison plus five years for the first degree murder conviction and admitted prior
3  felony conviction, and six years in prison plus a consecutive two year term for the robbery
4  conviction and the firearm enhancement.  Reporter's Transcript of Proceedings (RT) at 2747.
5  The court struck a further two year sentence for the firearm enhancement found by the jury on the
6  murder conviction.  Id.

7  Petitioner filed several petitions for post-conviction relief in the state courts, all of
8  which were denied with the exception of a petition for writ of habeas corpus filed in the
9  California Supreme Court in November 2002.  In that petition, petitioner claimed that the trial
10 court's imposition of the six year sentence on the robbery conviction violated the proscription
11 against "double punishment" set forth in California Penal Code § 654.  Lodged Document 19,
12 Petition for Writ of Habeas Corpus filed in the California Supreme Court on November 14, 2002,
13 at 1.  On March 30, 2004, the California Supreme Court issued an order to the Director of the
14 California Department of Corrections to show cause "why petitioner is not entitled to the relief
15 requested, as conceded by the Attorney General in his information opposition filed May 28,
16 2003."  Lodged Document 20, Order of the California Supreme Court (en banc) filed March 30,
17 2004.

18 On May 3, 2004, petitioner appeared in the Tehama County Superior Court
19 following issuance of an order by the California Supreme Court.[1]  At that hearing, the court
20 stayed the six year sentence for robbery and the two year enhancement.  RTA at 5-6.  The court

---

[1] It is not clear from the record whether the California Supreme Court issued a further order after the order to show cause.  See Reporter's Transcript on Appeal, Volume I of I (RTA), at 3 ("Counsel, as you know, this matter was returned on a Writ Petition from the California Supreme Court.  And I don't know that there were any real issues that need to be addressed, given the direction and findings of the Supreme Court."); cf. People v. Hern, No. C047016 (Dec. 14, 2004), slip op. at 1 (attached to Petition for Writ of Habeas corpus filed November 7, 2006) ("In May 2004 defendant Shawn Huston Hern was resentenced after our Supreme Court issued and order to show cause in response to his habeas corpus petition.")  There is no further order from the California Supreme Court on petitioner's November 14, 2002 petition in the record before this court.

confirmed the sentence of twenty-five years to life and the five year sentence enhancement.  Id. On a subsequent appeal, the state court of appeal directed the clerk of the superior court "to amend the abstract of judgment to reflect that the five-year enhancement was imposed pursuant to section 667, subdivision (a) and to send a certified copy of said amended abstract to the Department of Corrections" and otherwise affirmed the judgment.  People v. Hern, No. C047016, slip op. at 2-3.

## ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

    A. Ineffective Assistance of Counsel

Petitioner raises three claims of ineffective assistance of counsel. His first claim is that his trial counsel was ineffective in failing to argue on resentencing that the court had the discretion, pursuant to California Penal Code § 654, to sentence petitioner for the offense "most appropriate for petitioners [sic] conduct and not simply the offense carrying the greatest penalty." Petition at 1a. His second claim is that his trial counsel was ineffective in 1985 for failing to challenge the sentence imposed in 1985 and that his appellate counsel was ineffective in failing to challenge the sentence on appeal in 1986. Petitioner presented these claims to the state courts in petitions for writ of habeas corpus which were filed and denied at each level of the state court system. See Lodged Documents 22-27. None of the orders contained a statement of reasons for rejection of these claims on the merits. See Lodged Documents 23, 25, 27.

In order to prevail on his claim of ineffective assistance of counsel, petitioner must show two things, an unreasonable error and prejudice flowing from that error. First petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 688 (1984). The court must determine whether in light of all the circumstances, the identified acts or omissions were

4

outside the wide range of professional competent assistance. Id. at 690. "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." United States v. Ferreira-Alameda, 815 F.2d 1251 (9th Cir. 1986).

Second, petitioner must prove prejudice. Strickland at 693. To demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. The focus of the prejudice analysis is on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

The Strickland standards apply to appellate counsel as well as trial counsel. Smith v. Robbins, 528 U.S. 259, 285 (2000); Smith v. Murray, 477 U.S. 527, 535-36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). In order to demonstrate prejudice in this context, petitioner must demonstrate that, but for counsel's errors, he probably would have prevailed on appeal. Miller, 882 F.2d at 1434 n.9.

1. 2004 Resentencing

Although it is not entirely clear, it appears that petitioner's first claim is that his trial counsel was ineffective for failing to argue at resentencing that the trial court had the discretion to sentence him on the robbery conviction, rather than the murder conviction, if that was a more appropriate punishment given the circumstances of his commitment offense.[2]

---

[2] In his traverse, petitioner argues that counsel was ineffective in failing to present evidence of mitigating circumstances that would have supported a lesser sentence. Traverse, filed July 9, 2007, at 13. This argument appears to be raised for the first time in the traverse filed in this case; it appears neither in the original petition nor in the state court habeas petitions in which the claim was exhausted. For these reasons, the argument is not cognizable and, in any event, petitioner has provided no evidence in support of the argument and has made no showing that his sentence would have been different had counsel presented additional evidence or arguments at the time of the resentencing.

1 Petitioner has made no showing that such an argument, if made, would have been successful.
2 The state courts' rejection of this claim was neither contrary to nor an unreasonable application
3 of clearly established federal law. This claim should be denied.

        2. <u>1985 Sentencing</u>

Petitioner's second claim appears to be that his trial counsel was ineffective for failing to raise at sentencing in 1985 the California Penal Code § 654 issue that ultimately proved successful when raised petitioner's November 2002 petition to the California Supreme Court. As respondent correctly contends, this claim is moot. Petitioner was resentenced in 2004 and the eight year sentence challenged in this claim was stayed. There is no further relief available for this claim. The claim should therefore be denied.

        3. <u>1986 Appeal</u>

Petitioner's third claim is that he received ineffective assistance of appellate counsel when his appellate attorney failed to raise on direct appeal "the sentencing errors assigned by trial counsel," the fact that petitioner was shackled in view of the jury, and defective jury instructions. Petition at 4d. Petitioner alleges that instead of raising these issues "appellate counsel discharged himself and the petitioner substituted his litigation in <u>propria persona</u>." Petition at 4d.

On April 7, 1986, petitioner sent a request to the court of appeal to be relieved of counsel on appeal and to proceed pro se. Ex. A to Traverse, Declaration of Shaw Huston Hern in Support of Petition for Writ of Habeas Corpus, at 3. Petitioner's request was predicated on a conflict he had with his appellate counsel that had been described by petitioner in a letter to counsel sent by petitioner in March 1986. <u>Id</u>. at 2-3. On April 16, 1986, the California Court of Appeal for the Third Appellate District sent a letter to petitioner acknowledging his request to discharge his court appointed attorney and warning petitioner that if he discharged his attorney the court would not appoint another attorney for him and he would be required to meet all legal requirements for prosecuting his appeal "as if [he] were an attorney." Lodged Document 31. By

1   order filed April 28, 1986, the state court of appeal granted petitioner's request to discharge his
2   attorney. Lodged Document 32. Thereafter, petitioner proceeded pro se and his opening brief
3   was returned by the court because it did not meet the requirements for filing, his request to file a
4   defective brief was denied, and his request in the alternative to dismiss his appeal was granted.
5   Lodged Documents 33 and 34.

Petitioner's request to discharge his appellate attorney was granted before the opening brief on appeal was filed. A fortiori, counsel was not ineffective in failing to raise issues on appeal. This claim should be denied.[3]

B.   Failure to Remand for a California Penal Code § 654 Hearing

Petitioner's fourth claim is that his right to due process was violated "when he was not remanded back for a Penal Code § 654 hearing." Petition at 5e. Petitioner presented this claim to the state courts in petitions for writ of habeas corpus filed and denied at each level of the state court system. See Lodged Documents 22-27. None of the orders contained a statement of reasons for rejection of this claim on the merits. See Lodged Documents 23, 25, 27.

/////

---

[3] Respondent has briefed the question, not raised in the petition, of whether petitioner's request to discharge his attorney and to represent himself on appeal were properly granted by the state court of appeal. In his traverse, petitioner contends that the state court of appeal did not give him a full and fair hearing on the question of whether he should represent himself on appeal. In Martinez v. Court of Appeal of California, Fourth Appellate District, 528 U.S. 152, 163 (2000), the United States Supreme Court held that "the Sixth Amendment does not apply to appellate proceedings" and that "any individual right to self-representation on appeal based on autonomy principles must be grounded in the Due Process clause." Id. at 161. The Court went on to reject the notion that "a constitutional right of self-representation is a necessary component of a fair appellate proceedings" and, therefore, that the states were "not required to recognize a constitutional right to self-representation on direct appeal from a criminal conviction." Id. at 161, 163. The requirement that there be a knowing and intelligent waiver of the right to counsel and advisement about the dangers of self-representation, see Faretta v. California, 422 U.S. 806 (1975), arises from the Sixth Amendment which, under the holding of Martinez, does not apply to appellate proceedings. While the Martinez Court held that California was not required to permit a criminal defendant to proceed pro se on appeal, the rationale of the Court's decision precludes extension of the requirements of Faretta to a request to proceed pro se on direct appeal from a criminal conviction. Accordingly, petitioner's claim that his constitutional rights were violated in connection with the granting of his request to discharge his attorney and proceed pro se on appeal should be denied.

Petitioner's claim presents, at most, an error in the interpretation or application of state sentencing law. Federal habeas corpus relief is unavailable for such a claim. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989). This claim should be denied.

C. Denial of Parole Suitability Hearings

Petitioner's final claim is that the excessive sentence imposed in 1985 cause him to be denied several parole suitability hearings before the sentence was corrected. Petitioner presented this claim to the state courts in petitions for writ of habeas corpus filed and denied at each level of the state court system. See Lodged Documents 22-27. None of the orders contained a statement of reasons for rejection of this claim on the merits. See Lodged Documents 23, 25, 27.

Attachments to the petition show that petitioner had his initial parole suitability hearing in 2003, at which time he waiver a hearing and stipulated to a denial of parole for three years. Ex. to Petition, BPT Form 1001 A dated May 20, 2003, at 1. The reason given for the stipulation was "[p]sychiatric evaluation not supportive, need additional time in AA or NA, need time for additional self-help and therapy." Id. at 2. Prior to that time, petitioner had at least three Board of Prison Terms Life Prisoner Documentation Hearings. See Exs. to Petition, BPT Forms 1009 dated December 1, 2000, December 22, 1997, January 17, 1995. Petitioner has presented no evidence in support of his contention that the presence of the eight year sentence delayed his initial parole suitability hearing, or that he would have been found suitable for parole at an earlier date had the eight year sentence for robbery with use of a firearm been stayed at the initial sentencing. This claim should be denied.[4]

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

---

[4] To the extent that petitioner is claiming that the 2003 stipulated denial of parole is invalid, see Traverse at 24, such a claim is not cognizable in this proceeding. Any challenge to the denial of parole must be raised, if at all, in a separate habeas corpus action. See Rule 2(e), 28 U.S.C. foll. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fifteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 11, 2009.

UNITED STATES MAGISTRATE JUDGE

12
hern2790.157